UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL CASTILLO CEPERO,

Petitioner,

v.

Case No. 2:26-cv-2445-KCD-NPM

SHERIFF DAVID HARDIN, GARETT J. RIPA, TODD M. LYONS, ACTING SECRETARY MARKWAYNE MULLIN, TODD BLANCHE, DEPARTMENT OF HOMELAND SECURITY,

Respondents.
_______________________________/

**ORDER**

Petitioner Daniel Castillo Cepero seeks a writ of habeas corpus to challenge the lawfulness of his continued immigration detention. (Doc. 1.)[1] He argues that his bond hearing was constitutionally deficient. (*Id.* at 8-10.)

Federal courts are generally not in the business of second-guessing an immigration judge's decision about bond for an illegal alien. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024). The Immigration and Nationality Act dictates that the Attorney General's discretionary judgments regarding bond are not subject to review. 8 U.S.C. § 1226(e). If Cepero were merely asking this Court to reweigh the evidence or

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

substitute its judgment for the immigration judge, his petition would be dead on arrival. But that statutory bar does not give the government a blank check to bypass the Constitution. It does not strip this Court of jurisdiction to consider a bona fide constitutional claim regarding the framework of the detention. *See Hernandez Garcia v. Warden, Glades Cnty. Det. Ctr.*, 175 F.4th 1258 (11th Cir. 2026).

On June 16, 2026, an immigration judge denied Cepero's request for a change in custody status. But there is no basis to conclude this was a meaningful, individualized assessment. Instead, the immigration judge relied on earlier denials, where it appears the judge relied on the presumption of a lack of jurisdiction, which the Eleventh Circuit overruled in *Hernandez Alvarez*, 175 F.4th 1258. (Doc. 7-1 at 10-11.) And the Government has provided no other evidence of what occurred at the bond hearing. An analysis devoid of any specific factual findings or analysis falls woefully short of the individualized due process the Constitution requires when stripping a person of their physical freedom. *See Paredes v. Warden, Fla. Soft Side Det. Ctr.*, No. 2:26-CV-01131-SPC-DNF, 2026 WL 1353224, at *1 (M.D. Fla. May 15, 2026).

Because Cepero's bond hearing was constitutionally insufficient on the current record, the habeas petition is **GRANTED IN PART**. Within ten days of this order, the Government shall either bring Cepero for an individualized bond hearing before an immigration judge or release him under reasonable

conditions of supervision. To satisfy this order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026). The habeas petition is otherwise denied. The Clerk is directed to terminate any pending motions and close this case.

**ORDERED** in Fort Myers, Florida on September 15, 2026.

Kyle C. Dudek
United States District Judge