UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL CASTILLO CEPERO,

Petitioner,

Case No. 2:26-cv-2445-KCD-NPM

v.

SHERIFF DAVID HARDIN, GARETT J. RIPA, TODD M. LYONS, ACTING SECRETARY MARKWAYNE MULLIN, TODD BLANCHE, DEPARTMENT OF HOMELAND SECURITY,

Respondents.
_______________________________/

**ORDER**

The Court previously ordered the Government to provide Petitioner with a bond hearing. (Doc. 11.) On September 25, 2026, that happened, with the immigration judge denying bond after finding that Petitioner was a flight risk. (Doc. 12-1.) Petitioner, nonetheless, now moves the Court to “enforce” its prior order and “either [] provide Petitioner an individualized bond hearing satisfying specifically identified procedural requirements or to release him under reasonable conditions of supervision.” (Doc. 12.)

Petitioner’s motion is **DENIED**. The immigration judge identified the Court’s prior order and provided a detailed discussion as to why bond is not appropriate here. (*See* Doc. 12-1.) There is nothing procedurally or

constitutionally defective about its decision. Petitioner tries to argue that he still bore the burden of proof. But the immigration judge said otherwise, and specifically remarked that the Government needed to prove. The fact that the immigration judge remarked on a lack of evidence from Petitioner, does not evidence that the burden of proof was flipped as opposed to commenting on the record. This Court does not have jurisdiction to step in and give Petitioner a different decision, which is what the motion tries to backdoor here. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]").

**ORDERED** in Fort Myers, Florida on October 16, 2026.

Kyle C. Dudek
United States District Judge